# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLIFFORD NEIL RIBNER,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.;<br>APPLE (ICLOUD) INC.;<br>JOHN DOE, multiple, additional, presently-unknown individuals,<br><br>        Defendants. | Case No. 4:25-CV-00240-SEH-MTS |

## **OPINION AND ORDER**

Before the Court is Defendant Apple Inc. and Apple (iCloud) Inc.'s (collectively "Apple")[1] Motion to Dismiss. [ECF No. 23]. Apple moves to dismiss Plaintiff Clifford Neil Ribner's Complaint [ECF No. 1] under Fed. R. Civ. P. 12(b)(6). [*Id.*]. Ribner's five-count complaint alleges various Oklahoma tort claims against Apple and unknown individuals because he lost access to his Apple iCloud and email account. Because the complaint fails to state a claim upon which relief can be granted, the Court dismisses it without prejudice.

---

[1] Defendant Apple Inc. states that it is "incorrectly named as Apple (iCloud) Inc." [ECF No. 23 at 1]. Based on this assertion, the Court will consider them to be the same entity.

I. <u>Standard</u>

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When determining whether to dismiss a complaint, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The analysis requires a two-pronged approach. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," i.e., those allegations which are merely conclusory. *Iqbal*, 56 U.S. at 680–81. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.* at 679. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Second, the court assumes the veracity of "well-pleaded factual allegations" and determines "whether they plausibly give rise to an entitlement to relief." *Id.* at 679. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id.*

    The court must liberally construe allegations contained in a pro se complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so …." *Id.* But the court is not required to accept "mere conclusions characterizing pleaded facts …." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). And a court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## II. **Background**

This case arises from a dispute between Ribner, an individual, and Apple. [ECF No. 1 at ¶¶ 1–2]. Ribner claims Apple wrongfully disrupted access to his Apple iCloud account and email, resulting in various consequential damages. [*See id.* at 7–12].

Ribner exclusively utilizes Apple laptops, tablets, and smartphones for his work as an attorney. [ECF No. 1 at ¶6]. In addition to physical products purchased from Apple, Ribner uses Apple services like iCloud and his email account (cribner@mac.com). [*Id.*].

While Ribner was hospitalized, he conducted his legal work on his Apple iPhone. [ECF 1 at 7–9]. He alleges that on April 11, 2025, Apple began requesting that Ribner provide his password for "no apparent purpose." [*Id.* at ¶ 15]. He provided this information twice. [*Id.*]. Still, Apple sent him subsequent correspondence, stating that they "could not verify" the password Ribner provided. [*Id.*]. Consequently, Apple suspended access to Ribner's Apple iCloud account and email. [*Id.*]. He now claims that his inability to access documents stored on his iCloud account or use his email precludes him from utilizing services of third-party vendors and effectively represent clients. [*Id.* at ¶¶ 18–20].

As a result of these alleged injuries, Ribner asserts five causes of action: (1) breach of fiduciary duty, (2) conversion, (3) tortious interference with

4

contract, (4) intentional infliction of emotional distress, and (5) prima facie tort. [ECF No. 1 at 13–23]. Apple moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6). [ECF No. 23].

As an initial matter, the Court must address the service agreements Apple attaches to its briefs supporting the motion to dismiss. [ECF Nos. 24-1, 24-2, 35-1, 35-2]. "If on a motion under Rule 12(b)(6) …. matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgement under Rule 56." Fed. R. Civ. P. 12(d); *see also Carter v. Stanton*, 405 U.S. 669, 671 (1972) (vacating judgment when the district court did not treat a motion to dismiss as one for summary judgment and "matters outside the pleadings were presented and not excluded by the court"). Therefore, generally, a court "may consider only the contents of a complaint when ruling on a motion to dismiss." *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) (citations omitted). "But courts may also consider documents that a plaintiff (1) attaches to [his] complaint; (2) incorporates by reference in [his] complaint; or (3) refers to in [his] complaint and that are central to [his] complaint and indisputably authentic." *Id.* (citations omitted).

Apple argues that the Court may consider the service agreements without converting its motion to one for summary judgment because "they are incorporated by reference and indeed form the basis of Plaintiff's Complaint."

5

[ECF No. 24 at 10]. The Court disagrees. Although the complaint discusses products and services Ribner has purchased from Apple, it does not specifically reference the agreements attached to Apple's motion. The Court will exclude the agreements in its consideration of the motion to dismiss.

### III. Discussion

#### A. *The complaint fails to allege facts sufficient to show a fiduciary relationship existed between Ribner and Apple.*

"[T]o recover on a claim of breach of fiduciary duty, a plaintiff must prove (1) the existence of a fiduciary relationship; (2) a breach of a fiduciary duty; and (3) the breach of a fiduciary duty was the direct cause of damages." *Graves v. Johnson*, 359 P.3d 1151, 1155 (Okla. Civ. App. 2015); *see also* Oklahoma Uniform Civil Jury Instructions 26.1 through 26.5. "A fiduciary relationship exists between two persons when one of them is under a duty to act or give advice for the benefit of another upon matters within the scope of that relation." *Id.* at 1154 (citing *May v. The Okla. Bank and Tr. Co.*, 261 P.3d 1138 (Okla. 2011)). Such relationship "springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied, from which it can be said the minds have been met to create a mutual obligation." *Lowrance v. Patton*, 710 P.2d 108, 112 (Okla. 1985). The term "fiduciary relationship" is broad and "has been applied in circumstances where influence has been acquired and abused and where confidence has

6

been reposed and betrayed." *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 198 (Okla. Civ. App. 1999). The relationship may arise through personal or professional contexts "that would reasonably lead an ordinary prudent person in the management of business affairs to repose a degree of confidence that largely results in the substitution of the will of the defendant for that of the plaintiff in the material matters involved in a transaction." *Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1019 (Okla. 2013) (citation omitted).

Here, the complaint fails to allege sufficient facts to show a fiduciary relationship existed between Ribner and Apple. Although the complaint states that Ribner placed his trust and confidence in Apple, it does not show that Apple undertook any action on Ribner's behalf or provided any advice with Ribner's interest in mind. "Assertions of trust and confidence" and reliance upon a party's integrity is not sufficient to create a fiduciary relationship. *In re Vetter Assets Service, LLC*, 609 B.R. 279, 287 (10th Cir. 2019) (applying Oklahoma law in assessing fiduciary status in inter-creditor contractual transaction).

To the extent Ribner alleges Apple "had a fiduciary duty both to protect and preserve everything stored by him in their iCloud and to make such accessible to him upon his demand," the Court finds these allegations insufficient to establish that Apple was Ribner's fiduciary. Apple provided the iCloud service to Ribner commercially, as the complaint shows that Ribner

7

purchased Apple products and services over a period of decades. [*See* ECF No. 1 at 2–3]. "[O]nly those instances which involve a veritable 'substitution of the will of the defendant for that of the plaintiff in material matters involved in the transaction' will give rise to fiduciary duties." *Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 730 (10th Cir. 1991) (quoting *Sellers v. Sellers*, 428 P.2d 230, 236 (Okla. 1967)). "This ensures that common commercial dealings are not subject to heightened fiduciary responsibilities." *Id.* The Court concludes that Oklahoma law would not recognize the circumstances alleged in the complaint as involving a fiduciary relationship. Therefore, this claim is dismissed.

### B. The complaint fails to state a claim for conversion because this tort is limited to tangible property under Oklahoma law.

Conversion is defined in Oklahoma as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 374 P.3d 820, 825 (Okla. 2016) (quoting *Steenbergen v. First Fed. Sav. & Loan of Chickasha*, 753 P.2d 1330, 1332 (Okla. 1987)). This definition is limited to tangible property and therefore does not extend to intangible property. *Id.*

Personal property can be split into two distinct categories: tangible and intangible. *Perkins v. Okla. Tax Comm'n*, 428 P.2d 328, 329 (Okla. 1967). Tangible property refers to that which "may be seen, weighed, measured and

estimated by the physical senses and which is capable of being possessed, property which may be touched[.]" *Id.* at 329–30. Conversely, intangible property consists of property that lacks these physical properties. *Id.*

Here, the complaint fails to allege sufficient facts to support a conversion claim under Oklahoma law because Ribner's iCloud account and email are intangible property. Ribner alleges that Apple indefinitely suspended access to his iCloud account and email. [ECF No. 1 at ¶¶ 24–25]. Emails, digital files, digital media, and electronic data are not tangible because they cannot be weighed, measured, or touched, and therefore must be considered intangible. Because Oklahoma law does not recognize conversion of intangible property,[2] the complaint fails to state a claim for conversion upon which relief can be granted. The conversion claim is dismissed.

### C. The complaint fails to state a tortious interference claim because it does not contain facts showing that Apple maliciously, wrongfully, or purposefully interfered with Ribner's third-party contracts.

There are four elements for a tortious interference claim under Oklahoma law:

> (1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage.

---

[2] The Court recognizes an exception for conversion claims related to the transfer of corporate stock. *See U.S. v. Cities Corp. v. Sautbine*, 259 P. 253, 254–55 (Okla. 1927). But that exception is not applicable here.

9

*Wilspec Tech., Inc. v. DunAn Holding Grp.*, 204 P.3d 69, 74 (Okla. 2009) (citation omitted). "[T]he element of malicious and wrongful interference necessarily involves some degree of bad faith," and "[t]he interference must be the purpose of the tortfeasor's act[.]" *Loven v. Church Mut. Ins. Co.*, 452 P.3d 418, 425–26 (Okla. 2019).

Although the complaint alleges that Apple's conduct interfered with Ribner's third-party accounts, it fails to show that Apple's interference was malicious or wrongful, or that Apple purposely interfered with any contract Ribner had with third parties. [ECF No. 1 at 17–20]. Moreover, the facts presented in the complaint are antithetical to the claim of tortious interference. As alleged, Apple requested Ribner's login information "for no apparent reason," [ECF No. 1 at ¶ 15], a critical departure from the requirement that the interference must be driven by a desire to disrupt the contractual relationship. Consequently, Ribner fails to plead a viable claim for tortious interference with contract under Oklahoma law. This claim is dismissed.

### D. The complaint fails to state a claim for intentional infliction of emotional distress because it fails to allege conduct that is extreme and outrageous.

To recover for intentional infliction of emotional distress under Oklahoma law, the plaintiff must prove: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the

defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Warren v. United States Specialty Sports Ass'n*, 138 P.3d 580, 585 (Okla. Civ. App. 2006) (*quoting Comput. Publ'ns, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002)).

"The trial court acts as a gatekeeper regarding the outrageousness of the defendant's conduct and the severity of the plaintiff's distress." *Comput. Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002) (*citing Miller v. Miller*, 956 P.2d 887, 901 (Okla. 1998)). The defendant's conduct must be "so outrageous in character and so extreme in the degree as to go beyond all possible bounds of decency, and that such conduct is regarded as atrocious and utterly intolerable in a civilized community." *Id.* (*citing Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, 248 (Okla. 1996)). "In general, a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" *Id.*

Considering this high bar, Apple contends that its conduct does not rise to the level of extreme or outrageous behavior necessary to sustain a claim for intentional infliction of emotional distress. [ECF No. 24 at 8–9]. The Court agrees. Ribner alleges that Apple suspended his iCloud account and email. This conduct, while likely frustrating for Ribner, does not meet the high standard of being "atrocious and utterly intolerable in a civilized community."

11

*Comput. Publ'ns, Inc.*, 49 P.3d at 735 (citation omitted). In the absence of any allegations supporting a different conclusion, the Court cannot find that Apple's conduct was sufficiently extreme and outrageous to state a claim for intentional infliction of emotional distress. Thus, this claim is also dismissed.

### *E. The complaint fails to state a claim for prima facie tort because Oklahoma does not recognize this theory of recovery.*

Prima facie tort has yet to be expressly recognized in Oklahoma. *Tarrant v. Guthrie First Cap. Bank*, 241 P.3d 280, 283 (Okla. Civ. App. 2010). Although no binding authority has categorically rejected the doctrine in all contexts, several unpublished Oklahoma decisions from the 1990s consistently "rejected the availability of the prima facie tort theory" and failed to "comment on whether Oklahoma recognized the theory." *Id.* at 284.

By the end of the 90s, the Oklahoma Supreme Court addressed the issue in *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185 (Okla. 1999). The court explained that "prima facie tort … has [n]ever been recognized by this court as actionable." *Patel*, 987 P.2d at 1202 (addressing a prima facie tort claim for acts constituting spoliation of evidence). Although the *Patel* court did not announce a total prohibition on prima facie tort claims, it clarified that these claims have no foothold in Oklahoma law. *Id.*

This Court declines to recognize a cause of action that the Oklahoma Supreme Court has never adopted. Accordingly, Ribner's claim for prima facie tort is dismissed.

## IV. Conclusion

For the reasons stated above, the Court finds that the complaint fails to state a claim upon which relief may be granted. Therefore, it will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendant Apple's Motion to Dismiss [ECF No. 23] is GRANTED and the Complaint is dismissed without prejudice.[3] A separate judgment will enter.

**DATED** this 20th day of November, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[3] As a result of this Order, Plaintiff's Motion for a Preliminary Injunction and/or Temporary Restraining Order [ECF No. 2] and Motion for Expedited Hearing on the Preliminary Injunction and/or Temporary Restraining Order [ECF No. 13] are DENIED as moot.